# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. Luke Roderick Lowe*
5:15-cr-00001-TMB-1

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

The matters come before the Court on Defendant Luke Roderick Lowe's *pro se* "Motion for Compassionate Release Requesting a Reduction to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" and subsequent "Motion for Compassionate Release" filed by defense counsel (together, the "Motions").[1] The Government opposes the Motions (the "Response").[2] The U.S. Probation and Pretrial Services Office ("USPO") Report does not recommend release.[3] For the reasons discussed below, the Motions are **DENIED**.

On July 13, 2016, Lowe entered a Plea Agreement and pleaded guilty to Drug Conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).[4] On October 17, 2016, the Court sentenced Lowe to 120 months' imprisonment followed by five years of supervised release.[5] Lowe is currently serving his sentence at the Federal Transition Center in Oklahoma City ("FTC Oklahoma City") and has a scheduled release date of September 14, 2023.[6]

Lowe asserts that he is "susceptible to COVID-19" on account of his obesity, prior exposure to asbestos, and twenty years of smoking.[7] He states that his "BMI is over 30."[8] He states that his prior criminal history "was driven by alcohol use" and that he has rehabilitated while incarcerated.[9] Lowe asserts that he requested compassionate release from the warden at his prior Bureau of Prisons ("BOP") facility[10] and more than 30 days have passed since the warden received his request.[11]

---

[1] Dkts. 211 (*Pro Se* Motion); 229 (Motion).
[2] Dkt. 237 (Response). The Government indicates that its Response is to Docket 229, however, the Response addresses the arguments put forward in both Motions and the Court will construe it as an opposition to both. *See id.*
[3] Dkt. 213 (USPO Report).
[4] Dkts. 166 at 3 (Plea Agreement); 172 (Minute Entry for Change of Plea Hearing).
[5] Dkt. 199 at 1–3 (Judgment).
[6] Dkt. 213 at 1.
[7] Dkt. 229 at 1.
[8] *Id.* at 5; *see* Dkt. 240 at 1 (Notice of Updated Weight) (Lowe's BMI was 31 as of January 2021).
[9] Dkt. 229 at 1–2.
[10] It appears that Lowe was housed at Federal Prison Camp, Yankton, at the time of his *Pro Se* Motion. *See* Dkt. 211 at 7.
[11] *Id.* at 2; Dkt. 213 at 1 (noting that Lowe requested home confinement from BOP, but BOP denied his request in July 2020).

1

The Government opposes Lowe's request for compassionate release.[12] The Government contests Lowe's assertion that he is obese, arguing that "it is unclear that Lowe has a BMI of 30 or more" and that he "otherwise appears to be in good health and receiving adequate medical care[.]"[13] The Government also opposes a sentence reduction because Lowe "cannot be released safely into the community" due to his criminal record and substance use history.[14] It also argues that early release would not serve the factors under 18 U.S.C. § 3553(a), because it would "not reflect the seriousness of his drug trafficking, nor would it serve as an appropriate deterrent to him or others."[15] The Government does not contest that Lowe exhausted his administrative remedies as required by law.[16]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[17] After considering the applicable factors set forth in 18 U.S.C. § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[18] The policy statement of the Sentencing Commission related to compassionate release is found at U.S.S.G. § 1B1.13. The policy statement provides four categories of "extraordinary and compelling reasons" that may warrant relief: (1) the defendant's medical condition, (2) the defendant's age, (3) the defendant's family circumstances, (4) and "other reasons."[19] Furthermore, U.S.S.G. § 1B1.13 provides that a court may only grant relief if it determines "the defendant is not a danger to the safety of any other person or to the community."

As a threshold matter, a motion for compassionate release may only be granted if the Court finds that Lowe exhausted his administrative remedies. Here, the parties do not dispute that Lowe has exhausted his administrative remedies as required by statute.[20] The Court finds that Lowe exhausted his administrative remedies by requesting release and home confinement due to COVID-19, which was subsequently denied by the warden at Federal Prison Camp, Yankton, where Lowe was previously housed.[21]

Moving to the merits, the Court finds that Lowe has not demonstrated "extraordinary and compelling reasons" for release. At the time of sentencing Lowe reported his BMI at 28.7 and reported a BMI of 31.2 to USPO.[22] Lowe later supplemented the record to show that his BMI was 31 in January 2021.[23] According to current guidelines from Centers for Disease Control and

---

[12] Dkt. 237.
[13] *Id.* at 4.
[14] *Id.* at 5.
[15] *Id.*
[16] *Id.* at 3.
[17] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).
[18] 18 U.S.C. § 3582(c)(1)(A).
[19] U.S.S.G. § 1B1.13.
[20] Dkts. 211 at 2; 213 at 1; 237 at 3.
[21] *See* Dkt. 211-4 at 35.
[22] Dkts. 194 at 15 ¶ 62 (Revised Final Presentence Investigation Report); 213 at 2.
[23] Dkt. 240 at 1.

Prevention ("CDC"), anyone with a BMI between 25 and 30 "might be" at an increased risk for severe illness from COVID-19, while people with a BMI between 30 and 40 "are at increased risk" of severe illness.[24] Being a "current or former cigarette smoker" also increases the risk of severe illness from COVID-19.[25] The medical records provided to the Court show that Lowe, who is 42 years old, is fairly healthy and has received tests for COVID-19.[26] The records do not corroborate his history as a smoker.[27] Even with Lowe's updated BMI of 31 and crediting his history as a twenty-year smoker, his asserted conditions are not extraordinary. It appears that he has not had any severe symptoms or need for comprehensive medical treatment. Lowe's arguments relating to asbestos exposure are unavailing, as there is no indication that his lungs are currently compromised or that he is unable to obtain adequate medical care should medical issues arise.

Lowe has not made the required showing that his medical conditions are "extraordinary and compelling." As a result, the Court need not reach the merits of his § 3553(a) arguments or determine whether he has demonstrated that he will not be a danger to the community or any person upon release.

Having considered the parties' briefing and the USPO recommendation, the Motions at Dockets 211 and 229 are **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 22, 2021.

---

[24] Centers for Disease Control and Prevention, Coronavirus Disease 2019, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 18, 2021).
[25] *Id.*
[26] *See* Dkt. 235 (Sealed Medical Records).
[27] *Id.*